# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-1181V
Filed: January 22, 2021
UNPUBLISHED

| | |
|---|---|
| WILLIAM STARNES,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS); Chronic Inflammatory Demyelinating Polyneuropathy (CIDP) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

On August 13, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") and Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of his October 18, 2016 flu vaccination. Petition at 1; Stipulation, filed January 21, 2021, at ¶¶ 4. Petitioner further alleges that he experienced the effects of his injuries for more than six months and that there has been no prior award or settlement for damages as a result of his condition. Petition at 1-2; Stipulation at ¶¶ 5. "Respondent denies that the influenza vaccine caused petitioner to suffer from GBS, CIDP, or any other injury or his current condition " Stipulation at ¶ 6.

Nevertheless, on January 21, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

**A lump sum of $141,554.05 in the form of a check payable to petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under § 15(a). *Id*.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| WILLIAM STARNES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SECRETARY OF HEALTH AND )<br>HUMAN SERVICES, )<br>)<br>Respondent. )<br>) | No. 19-1181V<br>Special Master Horner<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. William Starnes, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the influenza immunization on October 18, 2016.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered from Guillain-Barré Syndrome ("GBS") and Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of receiving the influenza vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the influenza vaccine caused petitioner to suffer from GBS,

CIDP, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $141,554.05 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on October 18, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about August 3, 2019, in the United States Court of Federal Claims as petition No. 19-1181V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's alleged GBS, CIDP, or any other injury or his current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*William Starnes*
WILLIAM STARNES

**ATTORNEY OF RECORD FOR PETITIONER:**

*Leah*
LEAH V. DURANT
LAW OFFICES OF LEAH V. DURANT, PLLC
1717 K Street NW, Suite 900
Washington, DC 20006

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L Pearlman*
~~CATHARINE E. REEVES~~ HEATHER L PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, DHSc, for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Mollie D Gorney by Heather L Pearlman*
MOLLIE D. GORNEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4029

Dated: 01/21/2021

5